IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CHRISTOPHER BERNARD BELL,**

**PETITIONER**

**REG. # 31356-009**

v.   No: 3:20-cv-346 DPM/JTR

**DEWAYNE HENDRIX, WARDEN**

**RESPONDENT**

## RESPONSE TO HABEAS CORPUS PETITION

Now comes the Respondent (the current Warden at FCC Forrest City is John P. Yates), and for his response to the Petitioner's *habeas* petition brought under 28 U.S.C. § 2241, states:

Petitioner Christopher Bell is serving a sentence of 144 months imposed in this district on July 19, 2018. *United States v. Christopher Bernard Bell*, No. 4:17cr00116-02-DPM. Bell had prior Arkansas felony convictions and was sentenced as a career offender under the provisions of the United States Sentencing Guidelines, USSG § 4B1.1. See, Presentence Investigation Report at 7-8 (filed under seal).

Bell asserts that his sentence is unlawful because "he is actually innocent of having been a career offender". Petition, doc. # 1 at 6.  He claims that one of his predicate convictions, a 2008 conviction for second degree battery, does not qualify as a crime of violence under USSG § 4B1.1 & 4B1.2.  Specifically, he contends that the Arkansas second-degree battery statute does not require the use, attempted use or threatened use of physical force. Doc. # 2 at 16-22. The relief sought by Petitioner Bell is that his sentence be vacated, and that he be resentenced without career offender enhancement. In the alternative, he requests an evidentiary hearing so that he can prove his claim.

Doc. # 1 at 8. Bell's claim has no merit, as demonstrated below.

In case No. 4:17cr00116, Bell signed a plea agreement and pleaded guilty to the offense of conspiracy to possess with intent to distribute and to distribute cocaine base. Doc. # 102, 103. He was sentenced to imprisonment for 144 months. Doc. # 124. A notice of appeal was filed on July 25, 2018. Doc. # 129, 130. Five days later, Bell filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Doc. # 134. His § 2255 motion was denied without prejudice because his direct appeal was pending with the Eighth Circuit Court of Appeals. The district court's order provides: "Bell may file an amended motion when that Court [Eighth Circuit] enters its Judgment and Mandate". Doc. # 137.

In the Eighth Circuit, the government filed a motion to dismiss the appeal because in his plea agreement Bell waived his right to appeal, subject to specific limited exceptions which were not applicable. Exhibit 1. The Eighth Circuit granted the motion and dismissed the appeal. Doc. # 143. The court's mandate was issued on September 12, 2018, Doc. # 147. Subsequently, Bell did not file an amended § 2255 motion in the district court. Instead, he filed the instant § 2241 petition on October 29, 2020.

Bell knowingly and voluntarily waived, not only his right to appeal, but also his right to collaterally attack his sentence in post-conviction petitions. His plea agreement provides that Bell "waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct." Exhibit 2. The Eighth Circuit has held that such waivers are enforceable. *United States v. Floyd*, 931 F.3d 709, 710 (8th Cir. 2019); *United States v. Andis*, 333 F.3d 886, 887 n. 2 (8th Cir. 2003); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). See also, *Cardenas-Celestino v. United States*, 552 F. Supp.2d

962, 965 (W.D. Mo. 2008). Consequently, the instant petition is barred because Bell knowingly and voluntarily waived his right to collaterally attack his sentence, except for limited exceptions not applicable to his claim.

Even if the waiver were not valid and enforceable, nevertheless, Bell's § 2241 petition cannot succeed. To successfully attack his sentence in a § 2241 petition, Bell has the burden of showing that his § 2255 remedy is inadequate or ineffective to challenge the validity of his sentence. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Absent the waiver, Bell could have filed an amended § 2255 motion within the time limit specified in 28 U.S.C. § 2255(f), but did not do so.

Finally, Bell cannot prevail on the merits of his claim. According to Bell, he was convicted for a violation of the Arkansas second-degree battery statute, Ark. Code Ann. § 5-13-202(a), although he does not identify which of the four subsections of the statute was violated. Doc. # 2 at 16-17. According to the Presentence Investigation Report at 7, following a verbal altercation with a teacher, Bell struck the teacher multiple times in the head and face, causing multiple lacerations and swelling. The facts of the offense indicate a violation of 5-13-202(a)(4), causing physical injury to a person known to be a school employee. All four of the alternative offenses under the statute requite causing physical injury or causing serious physical injury. Bell contends that an offense that results in physical injury in violation of Ark. Code Ann. § 5-13-202(a) does not require the use, attempted use or threatened use of physical force, and therefore, does not qualify as a "crime of violence". Doc. # 2 at 17. The Eighth Circuit has addressed that same argument and rejected it. *United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017); *United States v. Rice*, 813 F. 3d 704, 705-06 (8th Cir. 2016); *United States v. Thompson,* 721 Fed. Appx. 565 (8th Cir. 2018).

For the above-stated reasons, Bell's petition should be dismissed.

Respectfully Submitted,

JONATHAN D. ROSS
Acting United States Attorney

By: _____
Richard M. Pence, Jr., AR 69059
Assistant U. S. Attorney
P. O. Box 1229
Little Rock, AR 72203
501-340-2600
richard.pence@usdoj.gov

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the Court via ECF and a copy sent on this 6th day of April 2021, to the following by U.S. Mail:

Christopher B. Bell
Reg. No. 31356-009
Forrest City Low
Federal Correctional Institution
Inmate Mail / Parcels
Post Office Box 9000
Forrest City, AR  72336-9000

_____
Richard Pence, Jr.