## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

CHRISTOPHER BERNARD BELL                                    PETITIONER
Reg #31356-009

V.                              No. 3:20-CV-346-JTR

JOHN P. YATES, Warden,
FCI Forrest City Low[1]                                      RESPONDENT

### MEMORANDUM AND ORDER[2]

### I.  Background

On March 13, 2018, Petitioner Christopher Bernard Bell ("Bell") pleaded

guilty to conspiracy to possess with intent to distribute and conspiracy to distribute

cocaine base. Superseding Indictment & Minute Entry, *United States v. Christopher*

*Bernard Bell*, No. 4:17-CR-116-DPM-2 (E.D. Ark. Mar. 13, 2018), *ECF Nos. 101,*

*102*. Pursuant to a plea agreement, the Government dropped an additional count of

use of communication facility to facilitate a drug trafficking crime, and Bell waived

his right "to collaterally attack the conviction or sentence in any post-conviction

proceeding…except for claims based on ineffective assistance of counsel or

---

[1] Since the filing of Bell's Petition, John P. Yates replaced DeWayne Hendrix as the Warden of the Federal Correctional Institution in Forrest City, Arkansas. Accordingly, Yates now has custody over Petitioner Bell and is the proper respondent in this case. See Fed. R. Civ. P. 25(d).

[2] On March 30, 2021, United States Chief District Judge D.P. Marshall Jr. signed a Reference Order, based on both parties' written consent, to allow a United State Magistrate Judge to exercise jurisdiction over this case. *Doc. 10.*

prosecutorial misconduct." Plea Agreement, *USA v. Bell*, 4:17-CR-116-DPM-2 (E.D. Ark. Mar. 13, 2018), *ECF No. 103*.

At a July 19, 2018 sentencing hearing, United States Chief District Judge D.P. Marshall Jr. granted Bell's motion for a downward variance, in part, and sentenced him as a career offender to 144 months in the Bureau of Prisons ("BOP"). Superseding Indictment & Minute Entry, *United States v. Christopher Bernard Bell*, No. 4:17-CR-116-DPM-2 (E.D. Ark. Mar. 13, 2018), *ECF Nos. 101, 102*. Bell filed a direct appeal to the Eighth Circuit, in which Bell's counsel filed an *Anders* brief.[3] *Doc. 1 at 2*; Notification of Appeal, *USA v. Bell*, 4:17-CR-116-DPM-2 (E.D. Ark. July 25, 2018), *ECF No. 130*.

On July 30, 2018, while his appeal was still pending, Bell filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *United States v. Christopher Bernard Bell*, No. 4:17-CR-116-DPM-2 (E.D. Ark. July 30, 2018), *ECF No. 134*. In the Motion, Bell alleged that his court-appointed counsel provided ineffective assistance throughout the plea and sentencing process. *Id.* He further alleged that: the "2nd degree battery charge" took place when he "was a kid in high

---

[3] On appeal, if appointed counsel deems the appeal to be wholly frivolous after "a conscientious examination" of the case, counsel may move to withdraw as long as the motion is accompanied by a brief "referring to anything in the record that might arguably support the appeal." *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967).

school"; he is "not a career offender"; and the ten-year sentence enhancement based on his status as a "career offender" is "not a fair judgment." *Id.* at 4–5.

The sentencing judge denied the § 2255 motion *without prejudice*, noting that Bell could file an amended motion once the direct appeal was concluded. (E.D. Ark. Aug. 9, 2018), ECF No. 137. On August 22, 2018, Bell's direct appeal was dismissed. Judgment, *USA v. Bell*, 4:17-CR-116-DPM-2 (E.D. Ark. Aug. 22, 2018), ECF No. 143. To date, Bell has not filed an amended § 2255 motion.

On October 29, 2020, Bell, who is currently serving his federal sentence at the low security Federal Correctional Institution in Forrest City, Arkansas, filed this § 2241 action. In his Petition and supporting brief, he asserts that he is "actually innocent" of being a career offender. *Doc. 1; Doc. 2*. He asks this Court to vacate his sentence, so that he may be resentenced without the career offender enhancement. *Doc. 1 at 8*.

Respondent filed a Response arguing that: (1) Bell's § 2241 Petition is barred because he waived his right to collaterally attack his sentence in the Plea Agreement; (2) Bell cannot meet his burden to show that the remedy under § 2255 is inadequate or ineffective to challenge the validity of his sentence; and (3) Bell's Petition fails on the merits. *Doc. 11*. Bell has filed a Reply. *Doc. 13*.

For the reasons set forth below, Bell's Petition for Writ of Habeas Corpus Under § 2241 must be dismissed for lack of subject matter jurisdiction.

## II. Jurisdiction

Generally, a prisoner challenging a final federal conviction or sentence must proceed under § 2255(a), by filing a motion "to vacate, set aside or correct" in the sentencing court.  28 U.S.C. § 2255; *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  However, if a prisoner can establish that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," § 2255(e) creates a narrow exception which authorizes a federal court, in the district of incarceration, to exercise jurisdiction and reach the merits of a prisoner's habeas claim under § 2241. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. The petitioner bears the burden of demonstrating that he is entitled to the benefit of § 2255(e), referred to as the "saving clause." *Lopez-Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1091; *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (adopting the more appropriate usage of "saving" clause over "savings" clause).

 Bell urges this Court to adopt the Ninth Circuit's test which allows relief under the saving clause "when the petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Doc.*

4

*13 at 3* (quoting *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir. 2006)). He then asks the Court to follow the Sixth and Seventh Circuits' holdings that expanded the definition of actual innocence from being "actually innocent" of the underlying crime, to include being "actually innocent" of career offender status. *Doc. 13 at 3* (citing *Hill v. Masters*, 836 F.3d 591, 600 (6th Cir. 2016) and *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013)). Even if the Court were to adopt this approach, Bell has made *no* argument that he "had an unobstructed procedural shot at presenting [his actual innocence] claim" to the sentencing court. *Stephens*, 464 F.3d at 898.

On July 30, 2018, Bell *did* file a § 2255 motion with the sentencing court, in which he argued that he was not a career offender and should not have received the ten-year career offender enhancement. That is the identical issue he now seeks to litigate in this § 2241 action.

The sentencing court declined to reach Bell's career-offender argument because Bell's direct appeal was still pending. However, the sentencing court specifically left the door open for Bell to file an amended § 2255 motion. Bell elected not to do so. Nothing about the sentencing court's handling of Bell's § 2255 motion suggests that Bell's shot at presenting his claim was obstructed.

The sentencing court's denial, *without prejudice*, also does not show that a § 2255 action was inadequate or ineffective to provide Bell with the relief he now

5

requests in his § 2241 Petition. Finally, controlling Eighth Circuit precedent makes clear that: "[A] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003).

Because Bell has failed to demonstrate that he is entitled to the benefit of § 2255(e)'s saving clause, the Court lacks subject matter jurisdiction over this habeas action.[4] *See Lee v. Sanders*, 943 F.3d at 1147 (court lacks "jurisdiction to entertain a § 2241 petition unless and until" the petitioner demonstrates that he is entitled to the benefit of § 2255(e)'s saving clause).

### III.   Conclusion

IT IS THEREFORE ORDERED THAT Petitioner Christopher Bernard Bell's Petition for Writ of Habeas Corpus (*Doc. 1*) is DISMISSED, without prejudice, for lack of jurisdiction.

SO ORDERED, this 17th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Because the Court lacks subject-matter jurisdiction, it cannot reach Respondent's alternative argument that Bell's claim of actual innocence fails on the merits. *See Flittie v. Solem*, 882 F.2d 325, 326 (8th Cir. 1989) (Beam J., concurring) ("A want of subject matter jurisdiction prohibits a court from considering any substantive aspects of a case or controversy."); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")